UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
Alicia Steger,

       Plaintiff,         Index No.:

  -against-              **COMPLAINT**
                     *Jury Trial Demanded*

Nassau Community College,

       Defendant.
-----------------------------------------------------------------------X

  Plaintiff, Alicia Steger, by and through her attorneys, LIEB AT LAW, P.C., as and for her complaint against the above-named defendant, respectfully alleges as follows:

## NATURE OF THE CASE

1. This is an employment discrimination case against Defendant Nassau Community College pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*

2. Plaintiff alleges that she was discriminated against based on her disability by Defendant's failure to accommodate her repeated requests for a reasonable accommodation, retaliated against her for voicing her opposition to Defendant for its failure to accommodate her and then subsequently constructively terminating her employment.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and §§ 1343(a)(3) and (4), as this action seeks redress for the violations of Plaintiff's civil rights pursuant to applicable federal statutes and regulations.

4. Venue is proper in this matter pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to these claims occurred in the Eastern District of New York.

5. Plaintiff has properly exhausted her administrative remedies. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on July 25, 2018. Plaintiff filed an amendment to the Charge on December 3, 2018, adding a claim for constructive discharge. Plaintiff received a Notice of Right to Sue Letter from the EEOC on or around February 28, 2019 and has timely filed this Complaint within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6. Plaintiff, Alicia Steger, is a resident of Nassau County. At all times relevant, Plaintiff was an "employee" of Defendant, pursuant to the ADA.

7. Defendant NASSAU COMMUNITY COLLEGE ("NCC") is a municipal corporation incorporated under the laws of the State of New York with a principal location at 1 Education Dr. Garden City, NY 11530.

## FACTS

8. Plaintiff was an employee of NCC for over twenty-two (22) years with her final title as Director of Marketing and Communications.

9. Plaintiff suffers from severe knee and back pain which affects her daily life activities such as walking, standing and driving.

10. On September 27, 2017, Plaintiff had a complete right knee replacement and two subsequent knee surgeries in April and May of 2018.

11. Following Plaintiff's knee replacement surgery, Plaintiff was out of work for three (3) months and returned to work on December 6, 2017.

12. In January 2018, Plaintiff was diagnosed with Lumbar Radiculopathy (bone spurs in Plaintiff's back pinching her sciatic nerve).

13. Upon returning to work, Plaintiff secured a New York State handicap sticker. However, when she arrived to work, all three (3) handicap parking spots in front of the Tower Building, where Plaintiff's office was located, were occupied.

14. While Plaintiff was permitted to park on the ramp in front of the building on her first day back, she was later told by Chief Martin Rodinni, Director of Public Safety, that she can no longer do so because vendors needed the spot.

15. On December 6, 2017, Plaintiff made her first request for a reasonable accommodation via email to Dr. Craig J Wright, Associate Vice President, Equity, Inclusion, Affirmative Action, ADA. Plaintiff requested an accommodation because all of the handicap parking spots in front of the Tower Building were taken at the time she arrived to work and, due to her disability, she could not walk from the regular parking spots to the Tower Building.

16. In response to her request for a reasonable accommodation, Defendant provided Plaintiff with the following two (2) options:

   1) Adjust her employment starting time by two (2) hours (to 7:00 AM) because the handicapped spots are on a "first come, first serve" basis, or

   2) Park by the Public Safety headquarters and wait to be driven by Public Safety officers to the Tower Building.

17. Both of these options were unreasonable. First, requiring Plaintiff to come into work two (2) hours earlier for the "potential opportunity" to secure a parking spot is unreasonable. In addition, arriving two (2) hours earlier would double Plaintiff's commute due to traffic and would cause Plaintiff immense pain.

18. The Public Safety Office is across campus, approximately one (1) mile away from the Tower Building. Every day, Plaintiff would have to wait a considerable amount of time, sometimes more than twenty (20) minutes, for a public safety officer to arrive to take her to the Tower Building. In addition, Plaintiff was essentially confined to her work space having to wait for a Public Safety officer to arrive to escort her to the Public Safety lot.

19. Left without any other options, Plaintiff began parking in the empty space reserved for the Vice President, who, upon information and belief, does not drive a vehicle to work.

20. However, after approximately two (2) weeks, Public Safety informed Plaintiff that she could no longer park in the empty parking space reserved for the Vice President. The space was subsequently utilized by another employee.

21. Plaintiff made numerous further attempts to request a reasonable accommodation, both by email and by phone but did not receive any response.

22. On or about February 1, 2018, almost two (2) months after her initial request and numerous subsequent requests for an accommodation that were unanswered, NCC provided Plaintiff with a reserved parking space with a permit number.

23. However, the space was continuously occupied by unauthorized vehicles and NCC refused to enforce Plaintiff's usage of the parking spot or allow her to park in the space reserved for the Vice President.

24. Therefore, Plaintiff was compelled to park at the public safety office on almost a daily basis. As a result, Plaintiff had to wait a substantial amount of time – both at the beginning and end of her work day – for an officer to escort her. This additional amount of time spent waiting caused her severe pain and caused her knee to often swell substantially.

25. NCC continued to fail to provide Plaintiff with a reasonable accommodation.

26. Plaintiff endured severe emotional distress and severe physical pain as a result of this predicament.

27. NCC's continued failure to accommodate Plaintiff reached a level where she was not physically able to work under these conditions absent a reasonable accommodation.

28. Plaintiff's conditions were deliberately made intolerable by NCC to the level that no reasonable person could be expected to continue working under such conditions.

29. As a result, Plaintiff was constructively discharged from her employment on October 11, 2018.

## AS AND FOR A FIRST CAUSE OF ACTION
*(American with Disabilities Act - Failure to Accommodate)*

30. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "29" hereof as if more fully set forth herein.

31. Plaintiff is a covered "employee" under the ADA.

32. Defendant is a covered "employer" under the ADA.

33. Plaintiff was, at all relevant times, an individual with a disability pursuant to the ADA. Specifically, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of such impairment, and/or is regarded by defendants as having such an impairment.

34. Plaintiff is a qualified individual with a disability pursuant to the ADA as Plaintiff could perform the essential functions of her position with a reasonable accommodation.

35. Defendant was aware of Plaintiff's disability as she was out of work for three (3) months following her surgery and submitted numerous requests for a reasonable accommodation.

36. Defendant failed to grant Plaintiff a reasonable accommodation or engage in a good faith dialogue with Plaintiff prior to offering accommodations, none of which were reasonable.

37. Defendant has altered the terms and conditions of Plaintiff's employment because of her disability.

38. As a result of Defendant's unlawful actions, committed with malice or reckless indifference, Plaintiff has suffered emotional distress, physical injury, pain and suffering, humiliation and embarrassment.

### AS AND FOR A SECOND CAUSE OF ACTION
*(American with Disabilities Act - Disability Discrimination/Constructive Discharge)*

39. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "38" hereof as if more fully set forth herein.

40. The American with Disabilities Act ("ADA") prohibits discrimination against a qualified individual on the basis of disability in regard to job application procedures, hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment. 42 U.S.C. §§ 12112.

41. Plaintiff is a covered "employee" under the ADA.

42. Defendant is a covered "employer" under the ADA.

43. Plaintiff was, at all relevant times, an individual with a disability pursuant to the ADA. Specifically, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of such impairment, and/or is regarded by defendants as having such an impairment.

44. Plaintiff is a qualified individual with a disability pursuant to the ADA as Plaintiff could perform the essential functions of her position with a reasonable accommodation.

45. Defendant was aware of Plaintiff's disability as she was out of work for three (3) months following her surgery and submitted numerous requests for a reasonable accommodation.

46. Defendant discriminated against Plaintiff by failing to provide her with a reasonable accommodation despite her repeated requests.

47. Defendant intentionally created an intolerable work environment for Plaintiff that forced her to resign.

48. As a result of Defendant's unlawful actions, Plaintiff has suffered loss of employment, loss of income, emotional distress, physical injury, pain and suffering, humiliation and embarrassment.

## AS AND FOR A THIRD CAUSE OF ACTION
*(American with Disabilities Act – Retaliation)*

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 48 of the complaint.

50. Plaintiff is a qualified individual with a disability pursuant to the ADA.

51. Plaintiff requested a reasonable accommodation from Defendant.

52. In response to Plaintiff's request and her subsequent requests and complaints as a result of her requests being denied, Defendant retaliated against Plaintiff by continuing to deny her repeated requests for a reasonable accommodation and removing several of her duties which changed her terms and conditions of employment.

53. Defendant intentionally created an intolerable work environment for Plaintiff that forced her to resign.

54. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, physical injury, pain and suffering, humiliation and embarrassment, loss of income, loss of employment.

## DEMAND FOR JURY TRIAL

55. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "54" of the Complaint hereof as if fully set forth herein.

56. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant, with interest, costs and disbursements of this action as follows:

(1) On the First, Second, and Third Causes of Action, the maximum amount under the law plus interest;

(2) Punitive damages;

(3) Pre and post judgment interest;

(4) Plaintiff's attorneys fees and costs;

(5) Any further relief the Court finds just and proper.


Dated: Smithtown, New York
      May 21, 2019

                                     LIEB AT LAW, P.C.

                                     _____
                                     Mordy Yankovich, Esq.
                                     *Attorneys for Plaintiffs*
                                     308 W. Main Street, Suite 100
                                     Smithtown, NY 11787
                                     (646) 216-8009
                                     Mordy@Liebatlaw.com